UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-61768-CIV-HUCK/WHITE

ROOSEVELT BROWN,

    Plaintiff,

vs.

OFFICER JOHNSTON, *et al.*,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before the Court on Defendants Michael Johnston and Rodney Roper's Motion for Summary Judgment, filed August 17, 2007 [D.E. #32]. The Court has reviewed the Motion, to which Plaintiff did not respond, and is duly advised in the premises. For the reasons stated below, the Court GRANTS Defendants' Motion for Summary Judgment.

## BACKGROUND

Plaintiff Roosevelt Brown brought this 42 U.S.C. § 1983 action against Defendants Michael Johnston and Rodney Roper, both police officers with the City of Fort Lauderdale Police Department, claiming they used excessive force upon him on September 17, 2006. Specifically, Plaintiff claims that Defendants placed handcuffs on him so tightly that the cuffs cut off circulation to his hands and caused pain, swelling, and scarring to his wrists. Plaintiff further claims that Defendants laughed and taunted him as he complained and asked that the restraints be loosened. Plaintiff seeks an award of $30,000 in damages from each of the Defendants and an injunction.[1]

---

[1] The Complaint does not set forth what form such an injunction would take.

1

On August 17, 2007, Defendants moved for summary judgment on Plaintiff's claims. In support of their Motion, Defendants filed affidavits and other evidence detailing the events surrounding Plaintiff's arrest and detention. Plaintiff has made no attempt to refute the material facts set forth in Defendants' Motion despite being ordered to do so by the Court, nor did he file a pretrial statement. *See* D.E.s #35, 36.[2]

The facts are as follows: on the evening of September 17, 2006, Officer Johnston responded to a call from Ruby Brown. Ms. Brown had a restraining order against Plaintiff and Plaintiff was within her physical presence, in violation of that order. At this time Plaintiff appeared to be under the influence of an unknown substance. Officer Johnston confirmed that Plaintiff was, in fact, enjoined from being in Ms. Brown's presence. He then arrested and transported Plaintiff to the City of Fort Lauderdale Jail without incident. In the course of the arrest, Officer Johnston placed Plaintiff in handcuffs. Officer Johnston maintains that he did so properly and not in an unreasonably tight manner. Officer Johnston also maintains that Plaintiff never complained to him of being in pain or discomfort, and did not ask to have the restraints loosened. Officer Johnston denies laughing at or taunting Plaintiff in any manner, and denies observing any injuries to Plaintiff's wrists or hands.

Defendant Roper was working at the Jail's booking facility at the time Defendant Johnston transported Plaintiff there. Defendant Roper's duties at the facility included fingerprinting arrestees and placing them in holding cells once they were processed. Defendant Roper fingerprinted Plaintiff, but denies ever placing or tightening handcuffs or other security devices on him, denies observing any injuries to Plaintiff's wrists or hands, denies that Plaintiff complained to him of pain or discomfort

---

[2] Plaintiff's failure to file a pretrial statement provides another reason his claims cannot go forward. The Order requiring him to file such a statement clearly "cautioned that failure to file the Pretrial Statement may result in dismissal of this case for lack of prosecution." D.E. #23.

because of the handcuffs, and denies laughing at or taunting Plaintiff.

Defendants have attached to their Motion as Exhibit F a sheet documenting Plaintiff's intake health screening, performed at the Jail on September 18, 2006. According to this document, the *only* indication that Plaintiff suffered any pain is where he complains of "wrist pain" from the handcuffs. However, during the same screening when Plaintiff was asked whether he was "currently ill or injured," he responded "no." In the "observations" section of the screening sheet, it appears that the Jail staff member who performed the health screening on Plaintiff did not observe any "visible signs of pain, bleeding, injury illness or other symptoms suggesting need for emergency medical referral," noted that Plaintiff's mobility was not "restricted in any way due to deformity, cast, injury, etc," and noted that Plaintiff did not display any "traumatic markings or bruises."

Further, Plaintiff's medical records from Broward General Medical Center, which Defendants have attached to their Motion as Exhibit D, do not reflect that Plaintiff ever sought treatment for the injuries he allegedly sustained as a result of being handcuffed. In fact, Plaintiff's medical records are, in largest part, related to Plaintiff's treatment in February of 2007 for a drug overdose. Incidentally, although Plaintiff complains that the tension of the restraints used on him left his wrists scarred, medical personnel who treated Plaintiff in February of 2007 observed no unusual marks on Plaintiff's body. *See* D.E. #33-4, page 34.

## ANALYSIS

**A.     Legal Standard**

Summary judgment is appropriate if the pleadings, depositions, and affidavits show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is

"material" if it is a legal element of the claim under applicable substantive law which might affect the outcome of the case. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Allen v. Tyson Foods*, 121 F.3d 642, 646 (11th Cir. 1997). An issue is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the non-moving party. *Allen*, 121 F.3d at 646. On a motion for summary judgment, the Court must view all the evidence and all factual inferences drawn therefrom in the light most favorable to the non-moving party and determine whether that evidence could reasonably sustain a jury verdict. *Celotex,* 477 U.S. at 322-23; *Allen*, 121 F.3d at 646.

While the burden on the movant is great, the opposing party has a duty to present affirmative evidence in order to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 252. A mere "scintilla" of evidence in favor of the non-moving party, or evidence that is merely colorable or not significantly probative, is not enough. *Id.*; *see also Mayfield v. Patterson Pump Co.*, 101 F.3d 1371, 1376 (11th Cir. 1996) (conclusory allegations and conjecture cannot be the basis for denying summary judgment). Despite the liberal interpretation accorded to pleadings, a *pro se* plaintiff "must still meet the essential burden of establishing that there is a genuine issue as to a fact material to his case." *Holifield v. Reno*, 115 F.3d 1555, 1561 (11th Cir. 1997).

**B.     Qualified Immunity**

Qualified immunity protects a public actor sued under federal law from liability unless his or her conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Kesinger v. Herrington*, 381 F.3d 1243, 1247 (11th Cir. 2004) (citing *Harlow v. Fitzgerald*, 457 U.S. 800 (1982)). In order to be entitled to qualified immunity, the defendant must have acted within the scope of his or her discretionary authority when the allegedly wrongful acts occurred. *Id.* at 1248.

Here, it is undisputed that Defendants acted within their discretionary authority as police officers with the City of Fort Lauderdale Police Department at all times pertinent to Plaintiff's Complaint. *See* Defendants' Motion for Summary Judgment, page 11. Because Defendants are entitled to qualified immunity, it is Plaintiff's burden to establish that such qualified immunity is inappropriate. *See Kesinger*, 381 F.3d at 1248.

The qualified immunity analysis is a two-step inquiry. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). First, the Court must determine whether the alleged facts, taken in the light most favorable to the injured party, establish that the defendant's conduct violated a constitutional right. *Id*. If the alleged conduct does not amount to a constitutional violation, the inquiry ends. *Id*. If the alleged conduct *does* amount to a constitutional violation, the Court asks whether the right was "clearly established" at the time. *Id.*; *see also, e.g.*, *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002).

Regarding the first step in the qualified immunity analysis, here Plaintiff has sued Defendants for using too much force when they applied handcuffs in the course of arresting and otherwise detaining him. *See* Complaint, page 4. It is well-established that using excessive force in carrying out an arrest does violate the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 394 (1989). However, it is equally clear that "the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Id.* at 396. Violations of the Fourth Amendment are determined with reference to an "objective reasonableness" standard, but there is no bright line rule for evaluating the reasonableness of an officer's actions. *Id.* at 388. Rather, such a determination must be made based on the unique facts and circumstances of each case, taking into account such factors as: (1) the severity of the crime, (2) whether the suspect poses an immediate threat to the officers, and (3) whether the suspect is resisting arrest or attempting

to evade arrest by flight. *Id.* at 396; *see also Post v. City of Fort Lauderdale*, 7 F.3d 1552, 1559 (11th Cir. 1993). As the Supreme Court has cautioned, "'[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers,' violates the Fourth Amendment." *Graham*, 490 U.S. at 396 (internal citation omitted).

Further, the Eleventh Circuit has held that "the application of de minimis force, without more, will not support a claim for excessive force in violation of the Fourth Amendment." *Nolin v. Isbell*, 207 F.3d 1253, 1257 (11th Cir. 2000); *see also Stachel v. City of Cape Canaveral*, 51 F. Supp. 2d 1326, 1332 (M.D. Fla. 1999) (granting qualified immunity to fire inspector and deputy sheriff where "the actual force used [on the plaintiff] was minimal and not plainly unlawful"). Courts have also routinely held that injuries reflecting only minimal force are insufficient to establish that the force was unlawful, and have granted the defendant officers qualified immunity on that basis. *See Post*, 7 F.3d at 1559 (injuries resulting from being in a choke hold for five seconds and being pushed against a wall); *Gold v. City of Miami*, 121 F.3d 1442, 1446 (11th Cir. 1997) (skin abrasions from handcuffs); *Jones v. City of Dothan*, 121 F.3d 1456, 1460 (11th Cir. 1997) (minor injury to arthritic knee from having legs kicked apart).

Here, it is clear from the record that Defendants did not use any more than the minimal, reasonable force necessary to handcuff and otherwise restrain Plaintiff. Although Plaintiff alleged in his Complaint that Defendants placed handcuffs on him so tightly that they cut off circulation to his hands and caused pain, swelling, and scarring to his wrists, there is no evidence that Plaintiff was so seriously injured as to result in scarring. The intake health screening performed on Plaintiff upon his arrival to the Jail did not reveal any such injuries, aside from Plaintiff's complaint that he felt "wrist pain." Plaintiff apparently never sought medical care for any injury related to his wrists or hands.

Further, both Officers submitted affidavits, which they attached to their Motion for Summary Judgment as Exhibits B and C, stating that they did not see any injuries on Plaintiff's wrists or hands. They also stated in their affidavits that Plaintiff did not complain of being in pain or ask them to loosen his handcuffs. Officer Roper further stated that he did not recall handcuffing Plaintiff at all. Both Officers affirmed this version of the facts in their Motion. Plaintiff never disputed these facts, nor did he respond to Defendants' Motion. In fact, Plaintiff never offered any evidence at all supporting his claims or creating a genuine issue of fact as to whether Defendants violated his Fourth Amendment rights.

     As such, the facts of this case are similar to those in *Gold v. City of Miami*, 121 F.3d 1442. There, the plaintiff "experienced pain from . . . handcuffs for roughly twenty minutes and. . . suffered only skin abrasions for which he did not seek medical treatment." *Id.* at 1446. The Eleventh Circuit stated that "the minor nature of this injury reflects that minimal force was used to apply the handcuffs." *Id.* The court thus granted qualified immunity to the defendant officers, and reversed the lower court's denial of summary judgment on that basis. *Id.* at 1447; *see also Goodman v. Town of Golden Beach*, 988 F. Supp. 1450, 1456 (S.D. Fla. 1997) ("The amount of force used by the officers in this case does not appear to have been substantial because there is no evidence of physical injury. . . . [The plaintiff] was immediately examined by fire rescue personnel who found no visible signs of injury and concluded that he needed no medical attention.); *Lund v. Rafofsky*, No. 98-7332-CIV, 1999 WL 1457331, at *6 (S.D. Fla. Dec. 30, 1999) (where the plaintiff's only injuries from being handcuffed were "indentations" that lasted for three days, and the plaintiff sought no medical treatment, court granted summary judgment to the defendant officer based on qualified immunity).

     In sum, Plaintiff offered no evidence that he suffered the alleged injuries as a result of being

handcuffed by Defendants, nor did he dispute Defendants' version of the facts that he did not suffer any such injuries. Here, as in *Gold v. City of Miami*, it is apparent that Defendants merely used the minimal force necessary to apply the handcuffs in the course of conducting an arrest. Accordingly, because Defendants' use of force (assuming Officer Roper used any force at all) in handcuffing Plaintiff was de minimis and incapable of supporting a claim for excessive force in violation of the Fourth Amendment, the Court finds that Officers Johnston and Roper are entitled to qualified immunity based on the first part of the qualified immunity analysis. Thus, there is no need to complete the analysis and examine whether Plaintiff's Fourth Amendment rights were clearly established.

## CONCLUSION

For the reasons set forth above, it is hereby ORDERED that Defendants' Motion for Summary Judgment is GRANTED. Summary judgment shall be entered dismissing this cause.

DONE AND ORDERED in chambers, Miami, Florida this 13th day of September, 2007.

_____
PAUL C. HUCK
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Magistrate Judge White
Counsel of record
Roosevelt Brown, *pro se*